Dear Mr. Capella:
You have requested the opinion of this office as to whether remodeling and improvements done by Facility Management of Louisiana, Inc. to the Superdome and its related facilities and the purchase of materials and supplies for such remodeling and improvements must be bid under the Louisiana Public Bid Law or other procurement laws.
The Louisiana Stadium and Exposition District (LSED) was created by Article XIV, Section 47 of the Louisiana Constitution of 1921, which was enacted by the voters in 1966. Those constitutional provisions became statutory with the enactment of the 1974 Constitution. See Article XIV, Section 16(A)(10) of the 1974 Constitution. Pursuant to that authority, Acts 651 of 1974 and Act 541 of 1976 set forth the organization of the LSED and established its "powers, duties and authorities". Act 541
of 1976, as amended, still establishes the basic organization of the LSED.
Section 7 of Act 541 of 1976 provides:
 If the governor determines that the best interests of the state will be served by having a professional management organization to manage the properties of the District, he is authorized and empowered, without compliance with any other statutory provisions relative to public contracts, to negotiate and enter into a contract or contracts with a professional management organization with respect to the management and operation of said properties as an independent contractor upon such terms and conditions as he deems advisable . . .
The same Act further provides in Section 17:
 Any provisions of this Act to the contrary notwithstanding, any purchases or contracts entered into by the [LSED] Board or by the executive director shall be in accordance with the public bid laws of this State provided, that in the event a contract is entered into with a professional management organization under the provisions of this Act nothing contained in this section should be applicable to contracts entered into by the said professional management organization with third parties. (Emphasis added.)
Pursuant to the above stated authority, the governor did enter into a contract with HMC Management Corporation (HMC) effective July 1, 1977 for the management and operation of the Superdome. The full contract between the State of Louisiana, as lessee of the Superdome from the LSED, and HMC was enacted into law by Act64 of 1977. By doing this, the State availed itself of the provisions of Section 17 of Act 541 of 1976 as set forth above and consequently the professional management organization is exempt from the requirements of the public contract laws in those contracts which it enters with third parties.
Given this perspective, it is necessary to consider the scope of responsibilities which the management agreement gave to HMC. Article 2.1 of the contract provides:
 The State hereby grants, and HMC hereby accepts, the exclusive right to perform and furnish or cause to be performed and furnished, from the effective date hereof, all management, services, labor and materials needed to operate and maintain the Facility known as the "Louisiana Superdome", in the most efficient and profitable manner as can be reasonably expected. It is the intent of the parties that HMC will have full authority over the operation of the Superdome and all of its facilities and related properties. (Emphasis added.)
Further into the agreement, Article XVII makes clear that HMC operates the facilities as an "independent contractor and not an agent . . . or partner of the State". This stipulation emphasizes that HMC does not, by its agreement to manage and operate the Superdome and its related facilities, also assume the State's obligation as a public entity to abide by the public contract laws.
There have been several subsequent Acts of the Legislature dealing with the duties and powers of the LSED and several amendments to the contract between the State and HMC, one of which changed the management contractor to Facility Management of Louisiana, Inc. (FML). However, none of these statutory revisions or contract amendments altered the provisions of law and contract crucial to the issue under review here regarding applicability of the Public Bid Law to the management contractor.
Therefore, it is our conclusion that FML, as successor to the contract originally granted by the State to HMC, is not obligated to comply with public bid laws when it fulfills its contractual obligation to the state to maintain the Superdome and related facilities by remodeling, maintaining, updating and improving those facilities and by procuring materials, supplies, labor and equipment for such works.
I trust that this answers your inquiry. Please advise if we can be of any further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:313